THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| RODNEY JONES, et al. | PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:20CV00308-MPM-RP |
| THE RAYMOND CORPORATION | DEFENDANT |

**DEFENDANT THE RAYMOND CORPORATION'S BRIEF IN SUPPORT OF MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF JOHN MEYER, Ph.D., P.E.**

## INTRODUCTION

On February 25, 2022, mere days from the deadline for *Daubert* challenges to expert testimony while The Raymond Corporation's ("Raymond") counsel was working diligently to complete extensive briefing on *Daubert* and summary judgment motions, Dr. John Meyer disclosed a second supplemental report. This same tactic, to file a late report in the hope that a negative *Daubert* ruling could be avoided, was undertaken by Dr. Meyer (and Mr. Warshauer) in a case against Raymond's principal competitor, Crown Equipment, in the case of *Vallee v. Crown Equipment* in November 2021. *Vallee* was pending in the U.S. District Court for the Eastern District of Louisiana, Case No. 20-1571, and Judge Vance granted Crown's motion to strike Dr. Meyer's late report and then granted Crown's motion for summary judgment. Order & Reasons entered 1/20/2022 in *Vallee v. Crown Equipment Corp. of Ohio*, attached as <u>Exhibit 1</u> to the accompanying Motion. Dr. Meyer offered essentially the same opinions in *Vallee* as here.

This supplemental report is nearly five months late, comes after all expert disclosure deadlines have passed, after a lengthy deposition has been taken and, given the timing, appears to be some sort of preemptive response to anticipated arguments under a *Daubert* challenge. Among other things, this second supplemental report finally identifies the Raymond optional rear operator

1

guard as Dr. Meyer's preferred alternative door design. Given the prejudice generated by this exceedingly late supplemental report, it should be stricken.

## KEY FACTUAL BACKGROUND

This is a product liability case involving, in relevant part to this Motion, alleged design defects regarding the Raymond Model 4250 standup counterbalanced forklift truck. The relevant and key deadlines and dates are as follows:

- **10/6/2021: Plaintiffs' deadline to disclose their experts, at which time they timely disclosed Dr. Meyer's original 148-page report.** *See* Doc. 57 (order extending deadline for Plaintiffs to disclose their experts to 10/6/2021); *see also* Doc. 58 (notice of service of Plaintiffs' Designation of Expert Witnesses).

- 12/8/2021: Plaintiffs made an untimely disclosure of Dr. Meyer's first supplemental report.[1] *See* Doc. 75 (notice of service of Plaintiff's Supplement to Designation of Expert Witnesses).

- 12/9/2021: Dr. Meyer sat for his deposition.

- 1/6/2022: Raymond timely disclosed its experts, which in part criticized Dr. Meyer's opinions proffered in his report and at his deposition. *See* Doc. 63 (order extending deadline to disclose defense experts to January 5, 2022, and Plaintiffs' subsequently agreed informally to an additional one-day extension to January 6, 2022); *see also* Doc. 78 (notice of service of Defendant The Raymond Corporation's Rule 26(a)(2) Expert Witness Disclosure).

- 1/24/2022: The Court extended the deadline to file *Daubert* type motions challenging another party's expert to March 1, 2022, but leaving all other deadlines in effect including the above-referenced expert disclosure deadlines. *See* Doc. 84 (order extending briefing deadlines).

- **2/25/2022: Plaintiffs made the untimely disclosure of a second supplemental report by Dr. Meyer, which is the subject of this Motion.** *See* Doc. 100 (notice of service of Plaintiffs' Second Supplement to the Designation of Expert Witnesses); *see also* Plaintiffs' Second Supplement to Designation of Expert Witnesses, attached as Exhibit 2 to the accompanying Motion.

- 2/28/2022: The Court extended the deadline to file *Daubert* type motions challenging another party's expert to March 4, 2022, but leaving all other deadlines

---

[1] Though untimely and disclosed just one day before his scheduled deposition, Raymond has not moved to strike this late first supplemental report.

- in effect including the above-referenced expert disclosure deadlines.  *See* Doc. 102 (order extending briefing deadlines).

- 3/4/2022: Raymond filed its *Daubert* type motion challenging the admissibility of Dr. Meyer's testimony, along with accompanying exhibits and a brief in support. *See* Doc. 109 (Raymond's motion challenging Dr. Meyer's testimony under *Daubert*); Doc. 110 (Raymond's brief supporting exclusion of Dr. Meyer's testimony, also noting at footnote 5 the February 25th late supplemental report, and Raymond's anticipated motion to strike the same).

## ARGUMENT

The Fifth Circuit has made it clear that supplemental expert submissions cannot be used to "fix" problems in initial expert reports. *Lampe Berger USA, Inc. v. Scentier, Inc.*, 2008 WL 3386716, * 2 (M.D. La. Aug. 8, 2008) (*citing Reliance Ins. Co. v. Louisiana Land & Explorations Co.*, 110 F. 3d 253, 258 (5th Cir. 1997) (affirming district court's refusal to allow late supplementation of expert reports)).  "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance*, 110 F. 3d at 258.  Parties are not entitled to endless supplementation of their expert reports when faced with challenges to their original expert evidence and courts have stricken affidavits which go beyond the original opinions expressed in an expert's report. *Avance v. Kerr-McGee Chemical LLC*, 2006 WL 3484246, *7 (E.D. Tex. 2006).

Dr. Meyer recently disclosed a second supplemental report which clearly contains new information and new opinions that were not included in his prior expert disclosures.  For the first time, well after Raymond's deposition of Dr. Meyer on December 9, 2021, without any further opportunity to inquire, and after years in which Dr. Meyer has refused to select a preferred alternative design, Dr. Meyer definitively offers preferred alternative designs, along with criticisms of Raymond's expert, Mr. Michael Rogers' opinions and testimony.

The supplemental report makes clear he is only committing to definitive design alternatives (that he has not designed, prototyped, or tested as a standard design feature) to attempt to avoid

3

preclusion if Mississippi law and the Federal Rules of Evidence require him to do so. Ex. A at 4 ("A door is the alternative design I chose and discussed. It is a single alternative design even though there are multiple ways to implement it. I did describe multiple ways that a door could be implemented . . ., but at the end of the day a door is a single alternative in my mind as an engineer. The implementation is just details. Each of the various iterations discussed in my report would have, to a reasonable probability, prevented the harm suffered by Mr. Jones without impairing the utility, usefulness, practicality or desirability of the forklift to its users or consumers. However, in the event I am required by Mississippi law to choose one single door design, for purposes of complying with the dictate, I choose the Raymond door that it describes as its 'Rear Operator Guard.'").

In addition to the lateness of this report, the timing of its disclosures creates substantial prejudice for Raymond. If this second supplemental report is not stricken, Raymond will need to seek relief from this Court to take a supplemental deposition of Dr. Meyer. At that point, Raymond will have to decide the impact of the report and Dr. Meyer's testimony on its Motion to Strike Dr. Meyer's testimony [Dkt. 109] and whether it needs to supplement its motion. Allowing this report might also impact the expert reports and opinions of Raymond's expert witnesses leading to supplemental reports from one or more of them. All of this will result in Raymond having to expend further time and financial resources in the defense of the case. It will also potentially lead to modifications to the Court's scheduling order and trial date.

This Court should reject Dr. Meyer's and Plaintiffs' counsel's third kick at the cat with this tardy second supplemental report. This report cannot be used to fix issues that could have and should have been addressed by Dr. Meyer in his initial report. The Fifth Circuit does not allow it. *See Lampe Berger USA, Inc.*, 2008 WL 3386716, * 2 (citation omitted); *Reliance*, 110 F. 3d at

4

258. Striking the second supplemental report is the appropriate remedy. *Avance*, 2006 WL 3484246, *7.

## CONCLUSION

For all the foregoing reasons, Raymond respectfully requests the Court enter an order striking the second supplemental report of Dr. John Meyer disclosed on February 25, 2022.

Respectfully submitted, this 14th day of March, 2022.

        THE RAYMOND CORPORATION
        By and through its attorneys,

        *s/ Francis H. LoCoco*
        Francis H. LoCoco (*Pro Hac Vice*)
        Margaret K. Heitkamp (*Pro Hac Vice*)
        HUSCH BLACKWELL LLP
        511 North Broadway, Suite 1100
        Milwaukee, Wisconsin 53202-3819
        (414) 273-2100 Telephone
        (414) 223-5000 Facsimile
        frank.lococo@huschblackwell.com
        margaret.heitkamp@huschblackwell.com

        *With Permission*
        *s/ Jacob B. Jordan*
        Jacob B. Jordan (MSB#104230)
        J. Rhea Tannehill, Jr. (MSB#10449)
        TANNEHILL, CARMEAN & MCKENZIE, PLLC
        829 Lamar Blvd, Suite 1
        Oxford, MS 38655
        (662) 337-7868 Telephone
        (662) 234-3949 Facsimile
        jacob@tannehillcarmean.com
        jrt@tannehillcarmean.com

        J. Banks Sewell (*Pro Hac Vice*)
        Rachel M. Lary (MSB#105794)
        LIGHTFOOT, FRANKLIN & WHITE
        400 20th St. N.
        Birmingham, Alabama 35203
        (205) 581-1511 Telephone
        bsewell@lightfootlaw.com
        rlary@lightfootlaw.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 14th, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the follow to the following:

MERKEL & COCKE, P.A.
Charles M. Merkel, Jr.
Edward P. Connell, Jr.
Yeager M. Bass
P.O. Box 1388
Clarksdale, MS 38614
(662) 627-9641 Telephone
(662) 627-3592 Facsimile
tconnell@merkel-cocke.com
cmerkel@merkel-cocke.com

*Attorneys for the Plaintiffs*

WARSHAUER LAW GROUP, P.C.
Michael J. Warshauer
Jasper Abbott
2740 Bert Adams Road
Atlanta, Georgia 30339
(404) 649-5373 Telephone
mjw@warlawgroup.com
jasper@warlawgroup.com

*Attorneys for the Plaintiffs*

MARKOW WALKER, P.A.
Courtney E. McAlexander
J. Henry Jones, IV
Post Office Drawer 50
Oxford, MS 38655
(662) 234-9899 Telephone
(662) 234-9762 Facsimile
cmcalexander@markowwalker.com
hjones@markowwalker.com

*Attorneys for New Hampshire Insurance Company*
*c/o Sedgwick Claim Management Services*

   Dated this 14th day of March, 2022.

                  *s/ Francis H. LoCoco*