IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| RODNEY JONES AND WIFE, | ) | |
| DEANGELA BATTLE | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs | ) | FILE NO.: 3:20-cv-308-MPM-RP |
| | ) | |
| vs. | ) | |
| | ) | |
| THE RAYMOND CORPORATION | ) | |
| | ) | |
| Defendant | ) | |

## DESIGNATION OF EXPERT WITNESSES

COME NOW the Plaintiffs, Rodney Jones and wife, Deangela Battle, by and through counsel, and designate the following expert witnesses pursuant to Federal Rule of Civil Procedure 26 to provide testimony on their behalf at the trial of the above cause:

1.     The Plaintiffs reserve the right to call as expert witnesses in this cause any of Plaintiff Rodney Jones' treating physicians and/or prescribing physicians, surgeons, dentists, chiropractors, physical therapists, pharmacists, prosthetic technicians, psychiatrists, emergency medical technicians and/or any other healthcare provider or professional for Plaintiff Rodney Jones including, but not limited to, the following:

A.     John Charles Weinlein, MD
Regional One Health
877 Jefferson Avenue
Memphis, TN 38103
901-545-7100
*Admitting Physician in Emergency Room*

B.     Hayden Scott Holbrook, MD
Regional One Health

Page 1 of 9

EXHIBIT

3

877 Jefferson Avenue
Memphis, TN 38103
901-545-7100
*One of Plaintiff's Treating Physicians*

C.     Matthew Rudloff, MD
       Regional One Health
       877 Jefferson Avenue
       Memphis, TN 38103
       901-545-7100
       *One of Plaintiff's Treating Physicians*

D.     Brandi L. Medlock, RN
       Regional One Health
       877 Jefferson Avenue
       Memphis, TN 38103
       901-545-7100
       *Emergency Room RN at Regional One Health*

E.     Kiesha Harris, RN
       Regional One Health
       877 Jefferson Avenue
       Memphis, TN 38103
       901-545-7100
       *Case Management Nurse*

F      Julia Hunter, PT, DPT
       Shaw Dickerson, PT, DPT
       Results Physiotherapy
       656 Marshall Avenue
       Memphis, TN 38103
       901-545-2225
       *Physical Therapist and conducted Functional Capacity Evaluation*

G.     EMT's
       Olive Branch Fire Department Ambulance
       9200 Pigeon Roost Road
       Olive Branch, MS 38654
       662-890-7376
       *Emergency Medical Technician*

2.     The above-named witnesses are not retained experts but are treating medical

providers whose qualifications, including their *curriculum vitaes,* will be requested and produced should their depositions be taken.

3.      These medical witnesses are expected to testify consistent with their medical records, and they are expected to offer opinions in their fields of expertise based upon their medical training and experience as well as their treatment and personal evaluations of Plaintiff Rodney Jones.  It is also expected that any testimony of Plaintiff Rodney Jones' medical providers would be based on his/her memory and on the Plaintiff Rodney Jones' medical records, as well as the witnesses' education, training, expertise, and experience as a professionally licensed medical and/or healthcare provider.  Plaintiff Rodney Jones' treating physicians may testify based upon their review of Plaintiff Rodney Jones' medical records, any pertinent medical literature or other similar scientific information, and their personal evaluation, observations, and/or treatment of Plaintiff Rodney Jones, as to his injuries, conditions, and/or complications, which were directly and proximately caused by the incident that occurred on August 29, 2019, that is the basis of this action as more particularly described in Plaintiff Rodney Jones' medical records.  In addition, each of the medical providers listed herein may testify concerning the level of consciousness and pain following the incident in question.  The witness may provide medical opinions based upon his or her personal knowledge of Plaintiff Rodney Jones' medical course and the providers will be asked to state their opinions to a reasonable degree of medical certainty.

4.      Plaintiff Rodney Jones' medical providers may testify about any matters discussed in depositions taken in this case, as well as matters within their expertise which may be

relevant to this case.

5.  In addition to the above, Drs. Weinlein and Holbrook, as well as the doctors at

Regional One Health, are expected to testify that to a reasonable degree of medical certainty:

a.  Plaintiff Rodney Jones suffered a severe open crush mangled foot injury that resulted in multiple fractures and large soft tissue wounds that ultimately led to a below-knee amputation due to the incident in question;

b.  As a result of the injuries in question, Plaintiff Rodney Jones underwent debridement's and irrigations, a below-knee amputation, pain management, peripheral nerve blocks and physical therapy as more specifically set forth in his medical records that have been produced;

c.  Plaintiff Rodney Jones suffers permanent injuries and suffers from a permanent impairment rating to his right lower extremity of 80 percent which converts to a 32 percent permanent and partial impairment to a body as a whole;

d.  Plaintiff Rodney Jones suffers permanent restrictions due to his injuries to his left lower extremity including those set forth in the Functional Capacity Evaluation dated September 17, 2020, conducted by Shaw Dickerson, Results Physiotherapy-Midtown, 1680 Union Avenue, Suite 106, Memphis, TN 38104, 901-969-0297;

e.  Plaintiff Rodney Jones reached maximum medical improvement on December 18, 2020;

f.  Plaintiff Rodney Jones suffers from permanent restrictions of avoiding heights, such as ladders, and walking long durations or being on his feet for extended periods of time, which results in him having to take five to ten minute breaks every hour or so when he is on his feet;

g.  Plaintiff Rodney Jones expects to incur future medical expenses in an amount which he will estimate; and

h.  All medical services rendered, and bill therefrom, by all Plaintiff Rodney Jones' treating physicians for his injuries to his left lower extremity, were reasonable, necessary, and directly related to the incident in question.

6.  Shaw Dickerson, Results Physiotherapy, 1680 Union Avenue, Suite 106,

Memphis TN 38104, 901-969-0297, is expected to testify to a reasonable degree of medical certainty consistent with the Functional Capacity Evaluation dated September 17, 2020, which has been produced to defense counsel.

7.      Edward 'Skip" Martin, Precision Prosthetics, Inc., a non-retained expert witness, 1505 South Perkins Road, Memphis, TN 38117, 901.682.1006, is expected to testify consistent to the care and treatment provided by Precision Prosthetics as set forth in the records attached hereto as Exhibit 'E".

8.      The Plaintiffs designate Stan V. Smith, Ph.D., Smith Economics Group, Ltd., 1165 N. Clark Street, Suite 600, Chicago, Illinois 60610, 312.943.1551, to be offered as an expert in the field of economics. The substance of the facts and opinions to which he is expected to testify and the grounds on which his opinions are based are included in his Rule 26 Report, which includes his statement of charges, his curriculum vitae, and his listing of prior testimony for the preceding four years attached hereto as Exhibit "A." Any drawings, animations or power points Dr. Smith may use at trial will be made available to the Defendant prior to his deposition. Dr. Smith may also testify in rebuttal to the Defendant's experts and may rely upon testimony and/or deposition transcripts in this case.

9.      The Plaintiffs designate John Jeka, Ph.D. Professor and Chair Department of Kinesiology and Applied Physiology, University of Delaware, Newark, DE, 10713, 302.831.4848, to be offered as an expert in the field of human balance, how involuntary balance responses are the explanation for Plaintiff Rodney Jones being outside of the forklift at the time of the collision, and how the design of the forklift as well as alternatives to the design relate to

the cause of his injuries. The substance of the facts and opinions to which he is expected to testify and the grounds on which his opinions are based are included in his Rule 26 Report, which includes his statement of charges, his curriculum vitae, his listing of prior testimony for the preceding four years, and a list of his publications attached hereto as Exhibit "B". Plaintiff will provide Defendant with this witness' entire file and any drawings, animations or power points he may use at trial will be made available to the Defendant prior to his deposition. He may also testify in rebuttal to the Defendant's experts and may rely upon testimony and/or deposition transcripts in this case.

10. The Plaintiffs designate Jason R. Kerrigan, Ph.D. Associate Professor Mechanical and Space Engineering, University of Virginia, School of Engineering and Applied Science and Associate Professor (courtesy) Department of Orthopedic Surgery, University of Virginia, School of Medicine, and Director University of Virginia Center for Applied Biomechanics, Charlottesville, VA, 22911, 434.297.8049, to be offered as an expert in the field of human biomechanics to offer opinions on the cause of Plaintiff Rodney Jones' injuries and how the design of the forklift as well as alternatives to the design relate to the cause of his injuries. In addition, should the Defendant attempt to rely on tests using ATDs, he will opine how the tests are not reliable or valid science. The substance of the facts and opinions to which he is expected to testify and the grounds on which his opinions are based are included in his Rule 26 Report, which includes his statement of charges, his curriculum vitae, his listing of prior testimony for the preceding four years, and a list of his publications attached hereto as Exhibit "C". Plaintiff will provide Defendant with this witness' entire file and any drawings, animations or power

points he may use at trial will be made available to the Defendant prior to his deposition. He may also testify in rebuttal to the Defendant's experts and may rely upon testimony and/or deposition transcripts in this case.

11.     The Plaintiffs designate John E. Meyer, Ph.D. PE, principal engineer Edison Engineering, 40W373 Edgar Lee Masters Lane, Saint Charles, Illinois 60175, 630.723.9547, to be offered as an expert in the field of mechanical engineering to offer opinions to the effect that the subject forklift does not comply with applicable safety standards both domestic and international, that the subject forklift is unreasonably dangerous, that Defendant has not conducted itself in compliance with applicable design standards and practices, how the event occurred, how the subject forklift is unreasonably dangerous, and that there are reasonable design alternatives that could have and should have been implemented that would have eliminated or greatly reduced the likelihood of injury without negatively affecting the utility of the forklift. In addition, Dr. Meyer will testify that the reasons relied upon by Defendant for its design choices are not consistent with best or standard engineering practices. The substance of the facts and opinions to which he is expected to testify and the grounds on which his opinions are based are included in his Rule 26 Report, which includes his statement of charges, his curriculum vitae, his listing of prior testimony for the preceding four years, and a list of his publications attached hereto as Exhibit "D". Plaintiff will provide Defendant with this witness' entire file and any drawings, animations or power points he may use at trial will be made available to the Defendant prior to his deposition. He may also testify in rebuttal to the Defendant's experts and may rely upon testimony and/or deposition transcripts in this case.

11.     Plaintiffs may call any experts identified by the Defendant in both discovery responses and formal designation of expert witnesses.

12.     This disclosure and designation of expert witnesses is in no way intended to limit, nor should it be construed as limiting the expert witnesses' testimony on these or other subjects. The Plaintiffs expressly reserve the right to amend this disclosure and designation of expert witnesses, as well as add additional opinions of these witnesses and provide greater detail regarding the same, if needed, through the deposition process and further discovery.

Respectfully submitted, this the 6th day of October, 2021.

MERKEL & COCKE, P.A.
Post Office Box 1388
30 Delta Avenue
Clarksdale, MS 38614
Tele: (662) 627-9641
Fax: (662) 627-3592
tconnell@merkel-cocke.com

*/s/ Edward P. Connell, Jr.*
EDWARD P. CONNELL, JR. (MSB #10647)

## CERTIFICATE OF SERVICE

I have on this date mailed via United States Mail, postage prepaid, a true and correct copy of the above an I, Edward P. Connell, Jr., do hereby certify that d foregoing document to:

LIGHTFOOT, FRANKLIN & WHITE
Rachel M. Larry
J. Banks Sewell, III
400 20th Street North
Birmingham, Alabama 35203
rlarry@lightfootlaw.com
bsewell@lightfootlaw.com

HUSCH BLACKWELL LLP
Francis H. LoCoco

555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
frank.lococo@huschblackwell.com

MARKOW WALKER, PA
James Henry Jones, IV, Esq.
Post Office Drawer 50
Oxford, MS 38655
Hjones @markowwalker.com

*-Attorneys for Defendant-*

This, the 6th day of October, 2021.

                    */s/ Edward P. Connell, Jr.*
                    EDWARD P. CONNELL, JR. (MSB #10647)