IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| RODNEY JONES AND WIFE, ) <br> DEANGELA BATTLE ) <br> ) <br> Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> THE RAYMOND CORPORATION ) <br> ) <br> Defendant ) | CIVIL ACTION <br> FILE NO.: 3:20-cv-308-MPM-RP |

**Plaintiffs' Response and Objection to Defendant's
Motion to Strike the [Second] Supplemental Report of Dr. John Meyer
[Doc. 131] and Brief in Support [Doc. 132]**

Raymond's Motion to Strike the [Second] Supplemental Report of Dr. John Meyer (inclusive of its Brief in Support) is premised on two false assertions. First, Raymond falsely contends that Dr. Meyer's Second Supplemental Report is intended to "fix problems" in his original report, first supplemental report, and deposition. *See* Doc. 132 at 3-4. Indeed, Raymond fails to identify the problem with Dr. Meyer's testimony that this Report allegedly fixes. All the Report at issue does is clarify Dr. Meyer's opinions in this case. If anything, it assures that Dr. Meyer's testimony will not surprise Raymond at trial. Second, Raymond incorrectly contends that Dr. Meyer's Second Supplemental Report has harmed it. *Id.* at 4-5. Again, Raymond fails to identify the claimed harm. Therefore, this Court should deny Raymond's Motion to Strike the [Second] Supplemental Report of Dr. John Meyer.

**Relevant Factual Background**

Raymond has deposed Dr. Meyer no less than four times; on three of those occasions, Mr. LoCoco, Raymond's counsel in this case, was the deposing attorney. *See* Ex. 1 (Covers from Dr. Meyer's Raymond Depositions). Mr. LoCoco also cross-examined Dr. Meyer in a trial against Raymond. Ex. 2 (*Anderson v. Raymond* transcript) at 263:25-278:12. In addition, Mr. LoCoco has access to Dr. Meyer's deposition and trial testimony in the *McHale v. Crown* matter (involving a similar stand-up forklift manufactured by a competitor) that was tried in the Middle District of Florida. Ex. 2 (*Anderson v. Raymond* transcript) at 276:16-278:12. In fact, the undersigned recalls that Mr. LoCoco was present during Dr. Meyer's testimony in the *McHale* case.

Based on his utilization of the Order from the *Vallee v. Crown* matter in his Brief, he almost certainly has access to Dr. Meyer's deposition testimony from that case too. Moreover, it is hard to believe that he does not have access to that testimony given that Mr. LoCoco writes in his Brief that "Dr. Meyer offered essentially the same opinions in *Vallee* as here." Doc. 132 at 1. This background is critical in evaluating Raymond's implication that Dr. Meyer's Second Supplemental Report contains new and novel opinions. In summary, it's a fair estimate that Raymond has access to transcripts from eight separate times that Dr. Meyer has testified about the dangers and defects and alternative designs relevant to side-stance stand-up forklifts like the one at issue here.

On October 6, 2021, Raymond received Dr. Meyer's 148-page Rule 26 Report in this case. Ex. 3 (Plaintiff's Expert Disclosure); Ex. 4 (Dr. Meyer's Rule 26 Report). His report identifies four alternative designs for the Raymond forklift. First, Dr. Meyer states that Raymond's forklift should have a door on the opening of the operator compartment. Ex. 4 (Dr. Meyer's Rule 26 Report) at 116-123. In his summary of his opinions, Dr. Meyer states:

> 2. The subject forklift's design represents an unacceptable risk of lower left leg injury.
>
> 3. The addition of a door like the one Raymond currently offers for sale achieves acceptable risk.

*See* Ex. 4 (Dr. Meyer's Rule 26 Report) at 147. In other words, the optional Raymond door, which is identified in the supplemental report at issue as the single design that Dr. Meyer chooses, if he is required to do so, was one of the specific door designs Dr. Meyer endorsed.

Second, Dr. Meyer states that Raymond's forklift should have an operator compartment floor design that disconnects the power when the operator's left foot leaves the floor. Ex. 4 (Dr. Meyer's Rule 26 Report) at 134-143. Dr. Meyer identified two design choices, one of which was the Hyster-Yale Operator Sensing System. Ex. 4 (Dr. Meyer's Rule 26 Report) at 143 (Fig. 80). Third, Dr. Meyer states that Raymond's forklift should have a sensor that disconnects the power when the operator is not touching the backrest. Ex. 4 (Dr. Meyer's Rule 26 Report) at 143-146. His preferred design would have the same logic as the Entry Bar on Crown forklifts. Ex. 4 (Dr. Meyer's Rule 26 Report) at 145-146. Fourth, Dr. Meyer states that

3

Raymond's forklift should have a modified multifunction joystick. Ex. 4 (Dr. Meyer's Rule 26 Report) at 146. Dr. Meyer's preferred design is the same one used by Raymond's competitors – in particular Crown. Ex. 4 (Dr. Meyer's Rule 26 Report) at 146.

On December 8, 2021, Raymond received Dr. Meyer's First Supplemental Report. Ex. 5 (Notice of Service of Plaintiff's Supplement to Designation of Expert Witnesses); Ex. 6 (Dr. Meyer's Supplemental Rule 26 Report). On December 9, 2021, Raymond deposed Dr. Meyer. Ex. 7 (Dr. Meyer's deposition) at 1. When Dr. Meyer prepared his Rule 26 Report, prepared his First Supplemental Report, and was deposed, he had not seen Raymond's expert, Michael Rogers', Rule 26 Report. That is because Michael Rogers' Rule 26 Report was not disclosed until January 6, 2022. Ex. 8 (Defendant's Expert Disclosures).

On February 25, 2022, Raymond received Dr. Meyer's Second Supplemental Report. Ex. 9 (Plaintiff's Second Supplemental Expert Disclosure); Ex. 10 (Dr. Meyer's Second Supplemental Rule 26 Report). Dr. Meyer's Second Supplemental Report did three things. First, it identified the optional Raymond compartment door as Dr. Meyer's "preferred" door design among the door designs endorsed in his Rule 26 Report (if Mississippi law requires that only a single design be chosen). Ex. 10 (Dr. Meyer's Second Supplemental Report) at 2-3. Second, it identified the Hyster-Yale Operator Sensing System as Dr. Meyer's "preferred" operator compartment floor design among the floor designs endorsed in his Rule 26 Report (if Mississippi law requires that only a single design be chosen). Ex. 10 (Dr. Meyer's Second

4

Supplemental Report) at 3-4. Third, Dr. Meyer offered rebuttal testimony to Rogers' Rule 26 Report. Ex. 10 (Dr. Meyer's Second Supplemental Report) at 3-5.

On March 4, 2022, Raymond filed, among other things, a Motion to Strike Dr. Meyer's testimony [Doc. 109-110] and a Motion for Summary Judgment [Doc. 115-116]. Nowhere in its Motion to Strike does Raymond argue Dr. Meyer cannot testify unless he identifies his "preferred" design for each of his alternative designs. *See* Doc. 110. Nowhere in its Motion to Strike does Raymond argue that Dr. Meyer cannot testify unless he rebuts Rogers' testimony. *See* Doc. 110. Nowhere in its Motion for Summary Judgment does Raymond argue that it is entitled to judgment because Dr. Meyer did not identify a "preferred" design for the door and compartment floor and did not rebut Rogers' testimony. *See* Doc. 116. In other words, Raymond's own briefing fails to identify any problems with Dr. Meyer's testimony that the Second Supplemental Report allegedly "fixes."

## ARGUMENT AND AUTHORITIES

**1. Dr. Meyer's Second Supplemental Report was offered for an appropriate purpose.**

Raymond insinuates that Dr. Meyer's Second Supplemental Report was offered for some nefarious purposes. Doc. 132 at 1. It was not. The Mississippi Product Liability Act lays out three elements that the Plaintiffs must prove in this case in order to prevail:

(i)…The product was designed in a defective manner…

(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

5

> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63. As previously briefed to this Court, Dr. Meyer's Rule 26 Report (which Raymond does not dispute was timely filed) meets these elements. *See* Doc. 120.

All Dr. Meyer's Second Supplemental Report does is offer his "preferred" design for a door, compartment floor, and rebuttal opinions against Rogers. Ex. 10 (Dr. Meyer's Second Supplemental Report) at 2-5. Raymond's Motion to Strike Dr. Meyer does not argue that Meyer's earlier Rule 26 Report is insufficient under Mississippi law because it did not contain the clarifications from the Second Supplemental Report. *See* Doc. 110. Nor does Raymond's Motion for Summary Judgment argue it is entitled to judgment because Dr. Meyer's Rule 26 Report did not contain the clarifications from the Second Supplemental Report. *See* Doc. 116.

Raymond's argument that Dr. Meyer's Second Supplemental Report is nefarious is based entirely on Mr. LoCoco's mischaracterization of an Order from the *Vallee v. Crown* case. Contrary to Mr. LoCoco's assertion, the *Vallee* matter did not involve a "late report" from Dr. Meyer. Rather, in *Vallee*, Crown filed a Motion for Summary Judgment. In response to the Motion for Summary Judgment, Dr. Meyer prepared an affidavit that, at least in part, responded to arguments made in the Motion for Summary Judgment. Ex. 11 (Plaintiff's Response to MSJ from *Vallee*); Ex. 12 (Dr. Meyer's Affidavit (Exhibit 10 to Plaintiff's Response to MSJ from *Vallee*)).

6

This is entirely different from the situation here. In this case, Dr. Meyer prepared his Second Supplemental Report to provide clarification. He identifies a "preferred" door and a "preferred" compartment floor. Ex. 10 (Dr. Meyer's Second Supplemental Report) at 2-4. He also offers rebuttal testimony related to Mr. Rogers. Ex. 10 (Dr. Meyer's Second Supplemental Report) at 3-5. Mr. Rogers opinions were not disclosed until **after** Dr. Meyer submitted his Rule 26 Report and was deposed. *Compare* Ex. 3 (Plaintiff's Expert Disclosure) *and* Ex. 8 (Defendant's Expert Disclosure). There was no way for him to offer rebuttal testimony until after the Plaintiff's expert disclosure deadline. Raymond received Dr. Meyer's Second Supplemental Report before the *Daubert* deadline and Motion for Summary Judgment deadline. It wasn't given in response to any arguments from Raymond. These facts make it clearly distinguishable from what occurred in *Vallee*.

2. **Raymond has not identified any harm from Dr. Meyer's Second Supplemental Report.**

As already outlined, Dr. Meyer's Second Supplemental Report does not disclose new design opinions. Dr. Meyer's Rule 26 Report outlines that the optional Raymond compartment door is a door design he endorses. *See* Ex. 4 (Dr. Meyer's Rule 26 Report) at 147. Dr. Meyer's Rule 26 Report also outlines that the Hyster-Yale Operator Sensing System is one of the compartment floor designs he endorses. Ex. 4 (Dr. Meyer's Rule 26 Report) at 143 (Fig. 80). He explains that he provides these endorsed specific designs because of the potential that Mississippi law allows a plaintiff to offer one, and only one, alternative design. Additionally, Dr. Meyer's rebuttal opinions were disclosed timely. But, even assuming Dr. Meyer's Second

7

Supplemental Report was not timely, there are still no grounds to strike it. Parties can disclose testimony and evidence late if the lateness is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In fact, in this very case, Raymond did not provide their expert's files until March 22, 2022, 18 days after the *Daubert* deadline. Ex. 13 (Ltr from Frank LoCoco to Michael Warshauer, dated Mar. 22, 2022).

In determining whether a failure to timely disclose or supplement is substantially justified or harmless, a court should consider the following four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). These four factors weigh heavily in favor of not striking Dr. Meyer's Second Supplemental Report.

First, Dr. Meyer's Second Supplemental Report, particularly his rebuttal testimony against Rogers, is quite important. This testimony will help establish at trial why Raymond's excuses for not adopting Dr. Meyer's proposed alternative designs are not valid.

Second, Raymond will not suffer any prejudice from allowing this Report to be considered. Raymond knew, before Dr. Meyer's deposition, that he endorsed the optional Raymond compartment door and Hyster-Yale Operator Sensing System as appropriate alternative designs if pressed to choose a single design alternative for each particular defect. He clearly stated that in his Rule 26 Report. Ex. 4 (Dr.

8

Meyer's Rule 26 Report) at 143 (Fig. 80); 147. The fact that he did not refer to them as his "preferred" design is immaterial. Raymond had the opportunity to question Dr. Meyer regarding his opinion on these two designs. Additionally, Raymond cannot claim prejudice from Dr. Meyer's rebuttal testimony regarding Rogers. Raymond will have the ability at trial to respond to Dr. Meyer's critiques of Rogers' opinions.

Third, any alleged prejudice could be cured through a short extension of discovery that will not affect any other deadlines. Raymond never sought that from the Plaintiffs. Indeed, one of the frustrating issues is that Raymond did not request from Plaintiffs a supplemental deposition for Dr. Meyer related to the opinions in the Second Supplemental Report. Had it done so, Plaintiffs would have agreed and we would not be using this Court's time with this Motion. Plaintiffs are still willing to have a supplemental deposition if needed.

Fourth, the explanation for the "late" disclosure is rather simple. First, Dr. Meyer wanted to clarify, in case there was some unusual interpretation of the Mississippi Product Liability Act that required it, his preferred alternative designs for the forklift door and compartment floor. Second, Dr. Meyer had no ability to respond to Rogers' Rule 26 Report in his previous disclosures and deposition.

## CONCLUSION

For these reasons, Raymond's Motion to Strike the [Second] Supplemental Report of Dr. John Meyer should be denied.

9

Respectfully submitted,
MERKEL & COCKE, P.A.

By: *s/Edward P. Connell, Jr.*
Edward P. Connell, Jr. (MSB #10647)
Post Office Box 1388
30 Delta Avenue
Clarksdale, MS 38614
(662) 627-9641
(662) 627-3592 Fax


WARSHAUER LAW GROUP, P.C.

By: *s/Michael J. Warshauer*
Michael J. Warshauer
*Admitted Pro Hac Vice*
2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax

10

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system which will send notification to all parties of record.

      This 28th day of March, 2022.

      WARSHAUER LAW GROUP, P.C.

      By: *s/Michael J. Warshauer*
      Michael J. Warshauer
      *Admitted pro hac vice*
      *Attorneys for Plaintiff*