THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| RODNEY JONES, et al. | PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:20CV00308-NBB-RP |
| THE RAYMOND CORPORATION | DEFENDANT |

**DEFENDANT THE RAYMOND CORPORATION'S REBUTTAL MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## REBUTTAL INTRODUCTION

Before the Court is Raymond's *Motion for Summary Judgment* (the "Motion"). The Motion is simple: Plaintiffs' claims must be dismissed if their experts are not permitted to offer their defect theory opinions. Plaintiffs do not dispute that Mississippi law requires them to prove their claims with expert testimony. Instead, Plaintiffs devote nearly their entire brief to reproducing purported "fact" sections filled with unsupported and incorrect statements, and rearguing their positions on the admissibility of two of their proffered experts – Dr. John Meyer and Dr. Jason Kerrigan – which has been extensively briefed in several motions on a parallel briefing schedule with this Motion. They provide no basis to deny summary judgment if the Court grants Raymond's contemporaneous *Motion to Strike the Testimony of John Meyer, Ph.D., P.E.* (Doc. 109), and *Motion to Strike the Testimony of Jason Kerrigan, Ph.D.* (Doc. 111).

Raymond's arguments setting forth why Dr. Meyer's and Dr. Kerrigan's opinions are inadmissible are fully explained in the Memoranda supporting the Motions to Strike (Docs. 110 and 112) and incorporated into this Motion.[1] If those contemporaneously filed Motions to Strike

---

[1] Additional bases for excluding testimony from Plaintiffs' experts are discussed in the rebuttal memoranda in support of the Motions to Strike, which are filed contemporaneously with this rebuttal memorandum on this Motion. Raymond incorporates its rebuttal arguments on the Motions to Strike here.

1

are granted, summary judgment must also be granted because Plaintiffs will lack expert evidence necessary to reach a jury on their product liability claims.

## REBUTTAL ARGUMENT

I.  **PLAINTIFFS CONCEDE EXPERT EVIDENCE IS NECESSARY TO SURVIVE SUMMARY JUDGMENT.**

Plaintiffs concede here that they must be able to show that the model 4250 lift truck was:

> 1) designed in a defective manner, 2) which rendered the product unreasonably dangerous to the plaintiff, 3) that the defective and unreasonably dangerous condition proximately caused the plaintiff's damages, 4) that the damages were not caused by an inherent characteristic of the product which cannot be eliminated without substantially compromising the product's usefulness or desirability and which an ordinary person would recognize, 5) that the defendant knew or should have known the danger that caused the damage, ***and*** 6) that there existed a feasible design alternative that would have, to a reasonable probability, prevented the harm without also impairing the product's utility, usefulness, practicability, or desirability.

*Logan v. Ford Motor Co.*, 293 So. 3d 840, 844–45 (Miss. Ct. App. 2019) (emphasis added). Raymond explained in its initial memorandum, unrefuted by Plaintiffs, that Mississippi law requires the first, second, fourth, and sixth elements be supported and proven with expert testimony. *Bedford v. Am. Honda Motor Co.*, No. 1:18-CV-175-GHD-DAS, 2020 WL 806171 (N.D. Miss. Feb. 18, 2020) (emphasizing, while dismissing the plaintiff's Mississippi Product Liability Act ("MPLA") claims for lack of expert support that, under Mississippi law, "it is axiomatic that expert testimony is required in order to establish liability in products liability cases."); *Brown v. Ford Motor Co.*, 121 F. Supp. 3d 606, 612 (S.D. Miss. 2015) (granting defendant's motion for summary judgment after plaintiffs failed to present expert testimony in support of their MPLA product liability claim); *McIntosh v. Nissan N. Am.*, No. 3:07-CV-60 DPJ-LRA, 2008 WL 4793743 (S.D. Miss. Oct. 28, 2008) (finding that plaintiff's product liability and warranty claims failed for lack of sufficient expert support after striking plaintiff's lone expert witness pursuant to a *Daubert* analysis).

2

Plaintiffs do not dispute that they must present expert testimony to prove their claims against Raymond. In fact, most of their opposition argument is devoted to *why* they believe their proffered experts, specifically Dr. Meyer and Dr. Kerrigan, should be permitted to offer design defect testimony. Doc. 159 at 11–19.

Plaintiffs allege that Raymond "[has] not challenged the material assertions of the Plaintiffs' experts in their Motion." *Id.* at 10. Although Raymond did not reiterate each of its many arguments for why Drs. Meyer, Kerrigan, and Jeka should not be permitted to testify, it explicitly incorporated by reference the memoranda supporting its motions to exclude each of Plaintiffs' expert witnesses. *See* Doc. 116 at 10. Raymond, again, out of respect for the Court's time and resources, incorporates its memoranda in support of its motions to exclude Drs. Meyer, Kerrigan, and Jeka (Docs. 110, 112, and 114), as well as the rebuttal briefs in support of those motions, which are being filed contemporaneously with this memorandum. As is pertinent to this Motion, Raymond sets forth the following responses to Plaintiffs' arguments regarding Drs. Meyer and Kerrigan.

**II. NONE OF PLAINTIFFS' CASES ON SUMMARY JUDGMENT ESTABLISH THAT THEIR CLAIMS SHOULD REACH THE JURY HERE.**

Though they do not dispute that expert testimony is required here, Plaintiffs rely on three Mississippi cases to argue that summary judgment is not appropriate because "expert testimony which states that the designer/manufacturer of a product failed to incorporate reasonable safety features into a product creates a jury issue as to whether the product was defectively designed and unreasonably dangerous." Doc. 159 at 19. Each case is distinguishable because in each of those cases, the plaintiff's expert witnesses were going to be permitted to testify.

Plaintiffs incorrectly contend that the facts of this case are "deeply analogous" to those of *James v. Cincinnati, Inc.*, and that "the Court should likewise find that a jury issue exists with

3

respect to their design-defect claim." *Id.* at 20. In *James*, the primary issue was whether the plaintiff's expert witness' failure to test his proposed design alternative was fatal to his ability to testify on the plaintiff's behalf. 243 Fed. Appx. 25, 29 (5th Cir. 2007). Finding that it was not, the 5th Circuit affirmed the trial court's ruling denying the defendants' request for a new trial. *Id.* at 29–30. These facts are far from "deeply analogous" to those before this Court, as Raymond's objections to Drs. Meyer, Kerrigan, and Jeka go far beyond their failure to adequately test their design alternatives. *See, e.g.*, Section II, *infra*. Also, unlike in *James*, the Court here has not yet determined whether Plaintiffs' experts should be admitted. *James* does not stand for the proposition that any question about the merits of a party's claims should automatically be heard by the jury because they found experts willing to offer design defect opinions if those opinions do not survive *Daubert* scrutiny. Instead, *James* supports Raymond's position: expert opinions are necessary to prove a claim successfully under the MPLA.

Plaintiffs' two other cases, *Mack Trucks, Inc. v. Tackett* and *Forbes v. General Motors Corp.*, similarly fail to support Plaintiffs' position that there is a genuine issue of material fact regarding Raymond's design that must be submitted to a jury. Neither *Mack* nor *Forbes* analyze summary judgment in the context of the admissibility of expert testimony. *Mack* was a review of whether to overturn a <u>jury verdict</u> based on a "battle of the experts" whose testimony had already been deemed admissible, and whose admissibility was not at issue before the Supreme Court. *See* 841 So. 2d 1107, 1112–1113 (Miss. 2003). The issue in *Forbes*, a case regarding the defendant's failure to conform to a factual representation regarding a product, was similarly limited to "whether the evidence presented by the Forbeses…[was] sufficient to submit the case to a jury." 935 So. 2d 869, 880 (Miss. 2006). The Court distinguished cases dealing with claims of negligent design and manufacture, like the Jones' case, noting that the standard in those is **higher and generally**

4

***requires expert testimony***. *Id.* at 877 (distinguishing *St. Clair v. Gen. Motors Corp.*, 10 F. Supp. 2d 523 (M.D.N.C. 1998)). At worst, *Forbes* is inapposite, and at best, it supports Raymond's position.

Courts at this stage of litigation (*Daubert* and dispositive motions) have determined that a party's failure to offer admissible expert testimony in support of its claims is fatal to causes of action for product liability. *See, e.g.*, *Brown v. Raymond Corp.*, 432 F.3d 640, 646 (6th Cir. 2005); *Dhillon v. Crown Controls Corp.*, 269 F.3d 865 (7th Cir. 2001); *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997); *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003); *Lawrence v. Raymond Corp.*, 501 F. App'x 515, 2012 WL 4748153 (6th Cir., Oct. 5, 2012); *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 526 (6th Cir. 2012). That is the case here.

### III. PLAINTIFFS' EXPERT WITNESSES DO NOT SURVIVE *DAUBERT* SCRUTINY.

Out of an abundance of caution, and as a direct rebuttal of Plaintiffs' arguments, Raymond incorporates by reference the evidence and arguments in support of its pending *Daubert* motions. Docs. 109–114.

### IV. PLAINTIFFS' "STATEMENT OF FACTS" SHOULD BE VIEWED MERELY AS UNPERSUASIVE AND UNSUPPORTED ARGUMENT.

Plaintiffs' opposition contains a lengthy "Statement of Facts" section that is a near duplicate of the "Factual Background" section Plaintiffs duplicated throughout their improper *Daubert* Motions regarding their own experts. Doc. 159 at 3–9. Raymond has explained previously the detailed examples of unsupported or incorrect assertions by Plaintiffs in its *Response Memorandum in Opposition to Plaintiffs' Daubert Motion Regarding the Opinions of Dr. John Meyer*. *See* Doc. 156 at 6–12. To preserve Court resources, Raymond incorporates by reference these arguments and explanations of why these assertions are unsupported and unpersuasive, and not facts at all.

**CONCLUSION**

For the foregoing reasons, Raymond respectfully requests that the Court grant its *Motion for Summary Judgment* and enter judgment against Plaintiffs and in favor of Raymond.

Respectfully submitted, this the 29th day of April, 2022.

    THE RAYMOND CORPORATION
    By and through its attorneys,

    *s/ Francis H. LoCoco*
    Francis H. LoCoco (*Pro Hac Vice)*
    Margaret K. Heitkamp (*Pro Hac Vice*)
    HUSCH BLACKWELL LLP
    511 North Broadway, Suite 1100
    Milwaukee, Wisconsin 53202-3819
    (414) 273-2100 Telephone
    (414) 223-5000 Facsimile
    frank.lococo@huschblackwell.com
    margaret.heitkamp@huschblackwell.com

    *With Permission*
    *s/ Jacob B. Jordan*
    Jacob B. Jordan (MSB#104230)
    J. Rhea Tannehill, Jr. (MSB#10449)
    TANNEHILL, CARMEAN & MCKENZIE, PLLC
    829 Lamar Blvd, Suite 1
    Oxford, MS 38655
    (662) 337-7868 Telephone
    (662) 234-3949 Facsimile
    jacob@tannehillcarmean.com
    jrt@tannehillcarmean.com

    J. Banks Sewell (*Pro Hac Vice*)
    Rachel M. Lary (MSB#105794)
    LIGHTFOOT, FRANKLIN & WHITE
    400 20th St. N.
    Birmingham, Alabama 35203
    (205) 581-1511 Telephone
    bsewell@lightfootlaw.com
    rlary@lightfootlaw.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the follow to the following:

MERKEL & COCKE, P.A.
Charles M. Merkel, Jr.
Edward P. Connell, Jr.
Yeager M. Bass
P.O. Box 1388
Clarksdale, MS 38614
(662) 627-9641 Telephone
(662) 627-3592 Facsimile
tconnell@merkel-cocke.com
cmerkel@merkel-cocke.com

*Attorneys for the Plaintiffs*

WARSHAUER LAW GROUP, P.C.
Michael J. Warshauer
Jasper Abbott
2740 Bert Adams Road
Atlanta, Georgia 30339
(404) 649-5373 Telephone
mjw@warlawgroup.com
jasper@warlawgroup.com

*Attorneys for the Plaintiffs*

MARKOW WALKER, P.A.
Courtney E. McAlexander
J. Henry Jones, IV
Post Office Drawer 50
Oxford, MS 38655
(662) 234-9899 Telephone
(662) 234-9762 Facsimile
cmcalexander@markowwalker.com
hjones@markowwalker.com

*Attorneys for New Hampshire Insurance Company
c/o Sedgwick Claim Management Services*

                   s/ *Francis H. LoCoco*