IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RODNEY JONES and
DEANGELA BATTLE                                                                                          PLAINTIFF

v.                                                                                              No. 3:20-CV-308-NBB-RP

THE RAYMOND CORPORATION                                                                   DEFENDANT

## ORDER GRANTING MOTION TO STRIKE SECOND SUPPLEMENTAL REPORT OF JOHN MEYER, Ph.D., P.E.

This matter is before the court on Defendant The Raymond Corporation's Motion to Strike the Second Supplemental Report of John Meyer, Ph.d., P.E. as untimely. ECF #131. The plaintiffs oppose the motion. For the reasons below, the court finds the motion is well taken and should be granted.

Rodney Jones and Deangela Battle brought this action against The Raymond Corporation ("Raymond") seeking the recovery of damages resulting from injuries sustained by Jones in an accident that occurred while he was operating a forklift manufactured by Raymond. Among other claims, the plaintiffs state a Mississippi product liability claim alleging that Jones's injuries were caused by the Raymond forklift's design defects to which there exist feasible design alternatives that would have prevented the injury. On the plaintiffs' October 6, 2021 expert designation deadline, the plaintiff's disclosed as an expert witness John Meyer, Ph.D., P.E., whose written report identifies several purported design defects. Also, for each identified design defect, Meyer's report identifies several design alternatives which Meyer believes are feasible and would have prevented Jones's injury. The plaintiffs provided a supplemental report from Meyer on December 8, 2021, and Raymond conducted Meyer's previously-scheduled deposition the next day. On January 6, 2022, Raymond disclosed its expert witnesses, whose reports criticize Meyer's opinions.

On February 25, 2022, less than a week before the parties' deadline to file any *Daubert*-type

motions challenging another party's experts, the plaintiffs provided a second supplemental report from Meyer stating that in the event Mississippi law requires that he identify a single preferred design alternative to each alleged design defect, he chooses the optional Raymond compartment door from among the alternative door designs he previously identified, and he chooses the Hyster-Yale Operator Sensing System from among the alternative floor designs he previously identified. The second supplemental report also responds to the criticisms of Meyer's opinions by Raymond's experts.

In the present motion, Raymond argues that Meyer's second supplemental report is untimely and prejudicial and should therefore be stricken. In response, the plaintiffs argue the report is neither untimely nor prejudicial and should not be stricken. The court agrees with Raymond.

With respect to the timeliness of the subject disclosure, Federal Rule of Civil Procedure 26(e)(1)(a) provides that a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure "in a timely manner if the party learns than in some material respect the disclosure … is incomplete or incorrect, and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing." "As a general rule, '[a] supplemental disclosure under Rule 26(e)(1)(a) is timely if it is made as soon as possible' after the party learns of the deficiency." *Dykes v. Cleveland Nursing & Rehabilitation Center,* No. 4:15-CV-76-DMB-JMV, 2018 WL 3058870, at *4 (N.D. Miss. June 20, 2018) (quoting *Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.,* No. 13-cv-4106, 2017 WL 632105, at *4 (N.D. Iowa Feb. 13, 2017)). "A party learns of a deficiency when he 'should have been aware of' the need to disclose.'" *Dykes,* 2018 WL 3058870, at *4 (quoting 6 MOORE'S FEDERAL PRACTICE – Civil § 26.131[3] (2018)). Specifically with respect to expert disclosures intended to rebut another party's expert disclosure, Federal Rule of Civil Procedure 26((a)(2)(D)(ii) requires that such disclosures be made within 30 days after the other party's disclosure.

Under the above law, the plaintiff's second supplemental expert disclosure is plainly untimely. The plaintiffs "should have been aware" of any requirement under Mississippi law that they identify a single preferred design alternative to each alleged design defect at the time they initially disclosed Meyer as an expert on October 6, 2021. There is no suggestion that Mississippi law on that matter has changed in the time since. The plaintiff's second supplemental disclosure almost five months later was not made "as soon as possible" after they should have been aware of the deficiency. Further, with respect to Meyer's rebuttal of the reports of Raymond's experts, Meyer's second supplemental report was provided well outside the 30-day time period permitted for such a disclosure.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion" by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Industries*, No. 3:03CV60-P-D, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010).

As to the importance of the evidence disclosed in Meyer's second supplemental report, the plaintiffs state it is "quite important" but offer no explanation of why the evidence of which design

alternatives are Meyer's preferred design alternatives is so important. To the contrary, the plaintiffs' response brief states, "All the Report at issue does is clarify Dr. Meyer's opinions in this case." *See* Plaintiff's response brief, ECF #138 at 1. "The fact that he did not refer to them [in his initial report] as his 'preferred' design is immaterial." *Id.* at 9. These statements suggest the plaintiffs do not place much importance on this evidence.

As to the importance of Meyer's rebuttal testimony disclosed in the report, the plaintiffs state the testimony will help establish why Raymond's excuses for not adopting Meyer's proposed alternative designs are not valid. However, it does not appear that the exclusion of such testimony will necessarily be fatal to the plaintiffs' case. Should this matter proceed to trial, the plaintiffs will have the opportunity to cross-examine Raymond's witnesses, and the jurors will have the opportunity to determine whose witnesses they find to be the most credible. In any event, the importance of Meyer's proposed rebuttal testimony "cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 787 (5th Cir. 1990).

As to the prejudice to Raymond in including the evidence in the plaintiff's second supplemental expert report, the prejudice is evident. The disclosure was not made until after Raymond deposed Meyer. Allowing the evidence would necessitate an additional deposition of Meyer at the very least, and it possibly would necessitate a supplementation of Raymond's own expert disclosures and a supplementation of Raymond's *Daubert* motion challenging Meyer's testimony. There is little question that the plaintiffs' delay in making their disclosure, if permitted, would disrupt the court's discovery schedule, would result in additional expense to Raymond, and would disrupt Raymond's preparation of its case. Such prejudices have been recognized by the Fifth Circuit. *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996); *Geiserman,* 893 F.2d at 791. Although Raymond "might not suffer the degree of unfair

surprise associated with the last-second designation of an unscheduled witness, the trial court has latitude to control discovery abuses and cure prejudice by excluding improperly designated evidence." *Geiserman,* 893 F.2d at 791 (internal citation omitted).

As to the possibility of curing the prejudice to Raymond by granting a continuance, a continuance would do little to cure the additional expense to be incurred by Raymond and the disruption in the preparation of its case. In any event, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.*

Finally, as to the explanation for the plaintiffs' failure to make their second supplemental expert disclosure in a timely manner, the plaintiffs offer no explanation for why the disclosure could not be made in a timely manner despite their diligence. The court finds that a balancing of this factor and the other relevant factors weighs in favor of striking the disclosure.

Therefore, Raymond's Motion to Strike the Second Supplemental Report of John Meyer is GRANTED.

**SO ORDERED**, this the 24th day of May, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE